UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLY FREDERIC,

                Plaintiff,

                - against -

COMMONWEALTH FINANCIAL SYSTEMS,
INC.,

                Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
Case No. 15-cv-03811 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Willy Frederic initiated this action on June 30, 2015 alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. 1.) Defendant Commonwealth Financial Systems, Inc. filed its Answer on September 24, 2015. (Dkt. 7) On October 26, 2015, the Honorable Marilyn D. Go held an initial conference, at which she ordered that (1) initial disclosures be served by November 2, 2015 and (2) discovery be completed by January 25, 2015. (10/26/15 Minute Entry.) Approximately a month later, on November 25, 2015, Plaintiff filed a Notice of Acceptance of Offer of Judgment, which Defendant served on October 29, 2015 and Plaintiff signed on November 2, 2015. (Dkt. 13.) On December 1, 2015, this Court So Ordered the parties' Offer of Judgment, with the exception that if Plaintiff wanted to move for attorney's fees, he would need to move separately and support his application with contemporaneous time records. (12/01/15 Amended Order.) After requesting an extension, Plaintiff filed his motion for attorney's fees on January 4, 2016. (Dkt. 15.)[1] In his motion, which is now before the Court, he

---

[1] Plaintiff's motion was due on December 31, 2015, but the Court permitted Plaintiff to file an untimely motion on January 4, 2016.

seeks to recover an award of $7,537.50 in attorney's fees – based on a rate of $375.00 per hour for his attorney, Mr. Subhan Tariq – and $520.00 in costs. Defendant does not contest the amount sought in costs, but argues that Plaintiff's attorney's fees are unreasonable and excessive, with respect to both the hourly rate and the number of claimed hours.

Calculating the award based on the lodestar method and consistent with Second Circuit precedent, the Court awards Plaintiff $2,375.00 in attorney's fees and $520.00 in costs.

*DISCUSSION*

The FDCPA permits litigants to recover the costs of the action and reasonable attorney's fees. *See* 15 U.S.C. § 1692k(a)(2)-(3). In the Second Circuit, the "lodestar," *i.e.*, multiplication of a reasonable hourly rate by the reasonable number of hours required by the case, is the starting point for determining the amount of a "presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Millea v. Metro–N. R .R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, No. 03-cv-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). Plaintiff bears the burden of establishing that the rates charged and the number of hours expended are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

I.  Hourly Rate

A district court should "bear in mind all of the case-specific variables that [the court] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis removed). "[A]

presumptively reasonable [attorney's] fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 522 F.3d at 112, 118). "The rates awarded should reflect counsel's experience as well as 'the nature of representation and type of work involved in a case.'" *Townes v. City of New York*, No. 12-cv-3201, 2013 WL 153726, at *2 (E.D.N.Y. Jan. 15, 2013) (quoting *Arbor Hill*, 522 F.3d at 184). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (internal quotation marks omitted). The "community" for purposes of this calculation, is the district where the district court sits. *Arbor Hill*, 522 F.3d at 190; *see also Simmons*, 575 F.3d at 174-76.

In FDCPA cases, "courts in the Eastern District of New York have regularly awarded experienced attorneys hourly rates ranging from $250 to $350." *Garland v. Cohen & Krassner*, No. 08-cv-4626, 2011 WL 6010211, at *10 (E.D.N.Y. Nov. 29, 2011) (citing FDCPA cases); *Crapanzano v. Nations Recovery Ctr., Inc.*, No. 11-cv-1008, 2011 WL 2847448, at *2 (E.D.N.Y. June 29, 2011), *report and recommendation adopted,* No. 11-cv-1008, 2011 WL 2837415 (E.D.N.Y. July 15, 2011). *See also Pall Corp. v. 3M Purification Inc.*, No. 03-cv-0092, 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) (courts in this district generally have recognized as reasonable: "approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates"). Thus, courts in this district often reduce attorneys' rates in FDCPA cases to make them reasonable. *See, e.g., Marshall v. Reisman*, No. 11-cv-5764, 2013 WL 1563335, at *2 (E.D.N.Y. Mar. 25, 2013), *report and recommendation adopted,* No. 11-cv-5764, 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013) (reducing rate from $400.00 to $300.00 for

experienced attorney with 20 years of experience who ran consumer protection firm for 12 years, and reducing rate from $200.00 to $150.00 for associate who had two years of consumer protection experience); *Crapanzano*, 2011 WL 2847448, at *2 (reducing rate from $265.00 to $250.00).[2]

Contrary to Plaintiff's argument, neither *Douyn v. N.Y. Med. Health Care, P.C.* nor *Rodriguez v. Pressler & Pressler, L.L.P.* support his $375.00 rate. In *Douyn*, the court reduced multiple attorneys' billing rates. 49 F. Supp. 3d 328, 347 (E.D.N.Y. 2014), *judgment entered sub nom. Douyon v. N.Y. Med. Health Care, P.C.*, No. 10-cv-3983, 2015 WL 5821499 (E.D.N.Y. Sept. 30, 2015). The court specifically lowered from $375.00 to $325.00 per hour the billing rate for an attorney who, among many other accomplishments, had been practicing law for ten years, focused exclusively on consumer protection issues, and supported his application by citing to multiple actions in which he represented plaintiffs in individual and class action consumer protection litigation. *Id.* at 344. In *Rodriguez*, the Court found a $450.00 rate reasonable for an attorney with seventeen years of civil rights experience and a $300.00 rate reasonable for an attorney who had six years of experience, devoted her practice to debt collection actions for two prior years, and directed a consumer law project at a local non-profit. No. 06-cv-5103, 2008 WL 5731854, at *4 (E.D.N.Y. Sept. 11, 2008), *report and recommendation adopted in part, rejected in part,* No. 06-

---

[2] *See also Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 212 (E.D.N.Y. 2009), *as amended* (Dec. 4, 2009) (reducing rate for associate in FDCPA case from $275.00 to $200.00); *Baruch v. Healthcare Receivable Mgmt., Inc.*, No. 05-cv-5392, 2007 WL 3232090, at *5-6 (E.D.N.Y. Oct. 30, 2007) (reducing rate from $385.00 to $350.00 for experienced solo practitioner with 19 years of experience).

Plaintiff argues that this Court should ignore *Nero* because it involved "a junior associate with no experience in consumer law." (Pl.'s Reply 4.) This is wrong. Indeed, the *Nero* court specifically identified the attorney as a "senior associate," 655 F. Supp. 2d at 212, who had been practicing for *seven years* prior to filing a complaint in the case, *id.* at 211. Moreover, although Plaintiff cites *Nero*, he conspicuously avoids any mention or discussion of the many cases cited in *Nero*, holding that $100.00 to $150.00 per hour is an appropriate fee for an attorney with only a few years' experience, like Mr. Tariq.

cv-5103, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009). Both of these cases highlight the excessiveness of Mr. Tariq's rate.

Mr. Tariq is a solo practitioner, admitted to the New York bar in 2014,[3] and has only been "practicing consumer focused law for about a year and a half," (Dkt. 18 ("Pl.'s Reply") at 4).[4] His rate of $375.00 far exceeds the rate usually awarded to associates with similar experience in FDCPA cases. Indeed, Mr. Tariq's rate surpasses those of more experienced attorneys in similar cases. *See, e.g., Arroyo v. Frontline Asset Strategies, LLC*, No. 13-cv-195, 2013 WL 1623606, at *2 (E.D.N.Y. Apr. 15, 2013) (rate of $300.00 reasonable where partner had over 20 years of experience in consumer litigation); *Larsen v. JBC Legal Grp., P.C.*, 588 F. Supp. 2d 360, 363-64 (E.D.N.Y. 2008), *as amended* (Dec. 18, 2008) (rate of $300.00 reasonable for solo practitioner focusing on consumer protection law who had practiced law for 17 years).

Mr. Tariq argues that his minimal experience is supplemented by his "deep knowledge of financial institutions and a strong working knowledge of financial and consumer protection law and regulation." (Pl.'s Reply 4.) The Court finds no support for this claim. As an initial matter, Mr. Tariq appears to have attended law school directly after graduating college in 2010. (Dkt 17-3 ("Def.'s Opp. Ex. B").) Thus, there is nothing in the record indicating, or even suggesting, that Mr. Tariq garnered any specific work experience that would be relevant to his FDCPA work. Moreover, even if Mr. Tariq had gained such experience, it would not warrant upholding a rate that is higher than what some partners in the FDCPA field are awarded by courts in this district.

---

[3] According to the N.Y. State Attorney admission website, which the Court may consider, Mr. Tariq was admitted to the New York bar in 2014. *See, e.g., Katz v. Sharinn & Lipshie, P.C.*, No. 12-cv-2440, 2013 WL 4883474, at *5 n.2 (E.D.N.Y. Sept. 11, 2013) (considering information on the N.Y. admission website to attain year of admission).

[4] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

*See Garland*, 2011 WL 6010211, at *11 (finding that prior investigative experience did not warrant awarding a junior associate a rate similar to that of senior associates).

Accordingly, the Court finds the rate of $250.00 per hour to be reasonable for Mr. Tariq's work in this case.[5]

II.  Hours Billed

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). Plaintiff has supplied contemporaneous billing records here. Defendant, however, contests Plaintiff's requested hours on two grounds: (1) any hours incurred after Plaintiff accepted Defendant's Rule 68 Offer of Judgment should be excluded and (2) Plaintiff's hours are excessive.

    A.  Hours Incurred After Offer of Judgment

A court can exclude fees incurred after a Rule 68 Offer of Judgment where, as here, a party waives the right to recover such fees in a clear and unambiguous agreement. *Foster v. Kings Park Cent. Sch. Dist.*, 174 F.R.D. 19, 28-29 (E.D.N.Y. 1997); *see also Bosket v. NCO Fin. Sys., Inc.*, No. 3:11-cv-00678, 2012 WL 4093023, at *2 (N.D.N.Y. Sept. 17, 2012) (excluding hours billed after Offer of Judgment was awarded where Offer of Judgment contained identical language to this case).

---

[5] A rate of $250.00 is still on the higher end for an associate-level attorney with such limited experience. But, considering Mr. Tariq's solo practice and focus on FDCPA work, the Court finds the rate acceptable.

6

The Rule 68 Offer of Judgment in this case expressly provides:

In addition, the Judgment entered shall include an additional amount for Plaintiff's reasonable costs and attorney's fees accrued through the date of service of this Offer of Judgment, either: 1) as agreed to by counsel for the parties; or 2) in the event counsel cannot agree, as determined by the Court upon application by Plaintiff's counsel[.]

(Dkt. 13 at 1.)

Plaintiff does not contest this provision's enforceability. (Pl.'s Reply at 7 ("The offer of judgment agreed to in this matter does try to limit attorney's fees to those incurred by the date of service of this offer.").) Rather, he argues, without any evidentiary support, that the Court should find that the hours billed after the Offer of Judgment were justified because Defendant's counsel was allegedly "difficult." (*Id.* at 7.) Common sense compels the opposite conclusion.

The sequence of events, as detailed by Mr. Tariq's billing statement, does not lead to the conclusion that any delays in the case were a result of Defendant's "intransigence or stubbornness." (Pl.'s Reply at 8.)[6] On October 29, 2015, Mr. Tariq received the Offer of Judgment from Defendant. (Dkt. 15.) Then, on November 2, 2015, he contends in his billing statement that he reviewed discovery requests from Defendant, began to prepare answers to those discovery requests, and received notification from his client that he would be accepting the Offer of Judgment. (*Id.*)[7] Mr. Tariq, however, did not file the Offer of Judgment until November 25, 2015, even though he only needed Plaintiff's signature prior to filing. (Dkt. 13.) Thus, rather than file the Offer of Judgment, Mr. Tariq prepared

---

[6] Plaintiff fails to attach any materials including, but not limited to, phone records or electronic correspondence to support his assertions.

[7] The fact that defense counsel sent Plaintiff discovery requests on November 2, 2015 calls into question any argument that "Defense counsel became difficult to reach." (Pl.'s Reply at 7.)

7

discovery responses that in no scenario would have required an immediate response. *See* Fed. R. Civ. P. 33 (providing 30 days to respond to interrogatories); Fed. R. Civ. P. 34 (providing 30 days to respond to document requests). To the extent Mr. Tariq is arguing that it was improper for Defendant to serve discovery *after* Mr. Tariq notified Defendant that his client intended to accept the Offer of Judgment, the Court rejects this argument because Magistrate Judge Go had previously ordered that discovery be filed on that date. (10/26/2015 Minute Entry.) Even if it was improper for Defendant to serve discovery materials, it does not excuse the fact that Mr. Tariq could have either requested a stay of discovery from the Court or filed the Offer of Judgment once he obtained his client's signature. Mr. Tariq chose to do neither. Thus, any expenses incurred after service of the Offer of Judgment were as a result of Mr. Tariq's conduct, not Defendant's, and the Court excludes those fees based on the parties' agreement in the Offer of Judgment.

B.  Hours Billed

Focusing on the fees incurred prior to service of the Offer of Judgment, if a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1933); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Courts can also exclude hours spent on "clerical or other work not compensable at an attorney's rate, such as copying, mailing, and uploading documents to [the] Court's Electronic Case Filing system." *Baruch*, 2007 WL 3232090, at *5. "A district court is not, however, required to set forth item-by-item findings concerning what may be countless objections to individual billing items . . . and may either subtract uncompensable hours or use percentage reductions to eliminate excessive or duplicative hours." *Marshall*, 2013 WL 1563335, at *4 (internal citations and quotations omitted).

Excluding time expended after service of the Offer of Judgment, Plaintiff seeks attorney's fees in the amount of $5,460, representing 16.8 hours of work performed by Mr. Tariq over the course of five months. (Dkt. 15.) After reviewing Plaintiff's and Defendant's submissions, the Court finds that the time expended here is unreasonable for a case that settled prior to any actual discovery and only involved one in-court conference. Specifically, Mr. Tariq's bill contains entries with tasks such as traveling to the post office, preparing envelopes, uploading documents to the Court's Electronic Case Filing system, and filing his personal notes.[8] Although Mr. Tariq is a solo practitioner, these administrative tasks are part of a firm's overhead and should not be separately charged to clients and certainly not at the attorney's hourly rate. *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.,* 894 F. Supp. 2d 415, 439 (S.D.N.Y. 2012); *see also Dotson v. City of Syracuse,* 5:04-cv-1388, 2011 WL 817499, at *26 (N.D.N.Y. Mar. 2, 2011) (determining that "[c]lerical tasks such as organizing case files and preparing documents for mailing are not compensable"); *Rozell v. Ross–Holst,* 576 F. Supp. 2d 527, 540 (S.D.N.Y. 2008) (noting that "[u]nder fee-shifting statutes, attorneys may not be compensated at their regular hourly rates for time spent performing clerical tasks," and if the task is typically considered part of overhead, it should not be compensated at all). Therefore, the Court finds that the 3.1 hours spent on clerical or administrative tasks are not compensable at an attorney's rate and excludes them from Mr. Tariq's billed hours. *See Baruch*, 2007 WL 3232090, at *5-6 (excluding 1.3 hours for time spent on copying, mailing, and electronic filing).

---

[8] Mr. Tariq engaged in block billing, which is the practice of listing numerous tasks under one entry in order to bill for them all collectively. Although the Court does not think this is the best practice, it is not prohibited. *See Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142-43 (E.D.N.Y. 2013).

9

Moreover, the Court finds that the remaining 13.8 hours are high when compared to the time spent in other FDCPA cases, all of which required more work than the present case. *See, e.g.*, *Hirsch v. ANI Mgmt. Grp., Inc.*, No. 12-cv-3454, 2013 WL 3093977, at *4 (E.D.N.Y. June 18, 2013) (adopting report and recommendation which found 11.5 hours reasonable where attorney "prepared the summons and complaint, conducted legal research, and drafted the affidavits in support of the motion for default judgment, among other tasks"); *Dunn v. Advanced Credit Recovery Inc.*, No. 11-cv-4023, 2012 WL 676350, at *6 (S.D.N.Y. Mar. 1, 2012), *report and recommendation adopted*, No. 11-cv-4023, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012) (18.25 hours reasonable where attorneys "interviewed and communicated with [client]; conducted legal research; drafted a complaint, notice of default judgment, and inquest notice of proposed findings of fact and affidavit; and attended two court proceedings"); *Nero*, 655 F. Supp. 2d at 212 (9.2 hours reasonable where attorney "interviewed plaintiff, conducted legal research, prepared the summons and complaint, prepared and filed the notice of default, and contacted opposing counsel on several occasions, among other tasks"). Here, the Court finds unreasonable Mr. Tariq's billing of 13.8 hours for drafting a seven-page boilerplate FDCPA complaint, managing the case, and engaging in one telephonic conference with Magistrate Judge Go, which he concedes only lased fifteen minutes, (Pl.'s Reply at 6.) Therefore, the Court reduces Mr. Tariq's time to 9.5 hours, which is more appropriate in these circumstances.

C. Total Fees

Based on the reduced rates and exclusions determined by the Court, Plaintiff is awarded $2,375.00 in attorney's fees according to the lodestar method and $520.00 in costs, which Defendant does not dispute.

*CONCLUSION*

For the reasons stated above, the Court awards Plaintiff attorney's fees in the amount of $2,375.00 and costs in the amount of $520.00.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 7, 2015
 Brooklyn, New York